Tbe opinion of the Court was delivered by
Poché. J.
Appealing from a conviction of larceny, and a sentence of imprisonment for two years in the State Penitentiary, tbe defendant urges error in tbe following rulings of tbe District. Judge :
1st. In overruling his motion to quash tbe venire of jurors ordered by the Judge for tbe 3d of.October, 1881, under Act 35, of 1880.
2d. In overruling bis objection to be forced to trial before service on him of a copy of the indictment and of the jury list.
3d. In forcing him to trial, over bis objections at a term not a regular jury term-of tbe court, and while he was under an appearance bond to appear at tbe next regular jury term of tbe court, in December following:
4th. In refusing a continuance moved for, and based on tbe absence of a material and important witness.
5th. In refusing Mm a new trial which be prayed for, on the ground of newly discovered evidence.
All tbe points submitted, with tbe exception of tbe last, are incorporated in bills of exception.
*71 1st. Defendant’s reasons, in support of Ms motion to quasli the venire, are untenable. The power of the Judge to. draw a special jury for the trial of cases where the penalty is not necessarily imprisonment at hard labor, is specially derived from. Act No. 35, of the Legislature of 1880, passed in furtherance of the provisions, of Art. 7 of the Constitution. ...
The argument that such jury should have been ordered for the first week of the term, and not for the second week, as was done in this instance, has no force in reason or in law. Nothing in the act contains such a restriction on the discretion of the Judge in the premises, and we hold that under the law, the District Judge has the power to order a special jury for the trial of that class of cases, for any week, day, or part of the term of his court, other than a regular jury term, and hence the motion made by defendant was properly overruled. ■
2d. The objection to being forced to trial without a previous service on the accused of a copy of the indictment, has no better foundation.
Such service is required by law only in capital cases, or on charges for crimes punishable at hard labor for seven years and upwards. R. S. Sec. 992.
We see no force in defendant’s argument that shell service, in a case of larceny, is rendered imperative by Art. 8 of our Constitution, which provides that, “ In all criminal prosecutions, the accused- shall enjoy the light to be informed of the nature and cause of the accusation against him.”
This clause must be construed together with, and by reference to, the clause in Art. 5, of the Constitution, which provides that “ prosecutions shall be by indictment or information,” and has reference to the clearness of the charge which must be set forth in the indictment or information, and it is intended to secure to the accused the right of not being forced to trial previous to arraignment under the charge or accusation brought against him.
■ We see nothing in the clause which justifies the conclusion that it was intended to repeal Sec. 992 of the Revised Statutes, as the law which regulated the cases, in which alone a copy of the indictment was to be served, when the present Constitution was framed and adopted, and we therefore fail to discover any. conflict between the two provisions, which both co-exist and both secure distinct rights to the .accused.
3d. The offense charged against the defendant is “ punishable with imprisonment in any parish prison or in the penitentiary at the discretion of the court for not inore than two years,” and as it is not an offense the penalty of which is necessarily imprisonment at hard labor, it is clearly covered by, and can legally be tried and disposed of under *72 the provisions of Act No. 35 of 1880; and this case cannot be excepted from the operation of the law, because the accused was under a bond to appear at the regular jury term in December, 1881.
The argument of the defendant’s counsel that the execution of such a bond operated as a contract between the accused and the State, under which the State was debarred of the right of calling him to trial at an earlier date, is not serious, and cannot be entertained for a single moment. The bond must be construed as having been furnished and accepted, with reference to the provisions of the Constitution and laws of the State touching the trials of such cases; and under which it must have been known to the accused, that his trial might, in the discretion of the District Judge, be ordered to take place at another but a regular jury term, and that in his own interest, to secure him a speedy trial, the Judge had the power to fix an earlier day for his trial.
In the case of the State vs. White, recently decided at Shreveport, not yet reported, we had occasion to examine into, and to fully consider the provisions of the Article of the Constitution, and of the law, now under consideration; and to explain the object proposed by that legislation, as well as the means pointed out for its execution. Both on principle and on the authority of that case, we must uphold the District Judge in trying the accused under the provisions of Act 35 of 1880.
4th. Defendant’s motion for a continuance was supported by his affidavit, in which he set forth the absence of an important witness, the facts which he expected to prove by him, and their materiality, the fact that he had used due diligence to secure his attendance, and the belief that he could procure his attendance at the next term of the court.
The record shows that the case was fixed for trial on the 26th of September for the 4th of October following; that on the 28th of September, a subpoena for the witness was obtained by defendant’s counsel, and placed in the hands of the sheriff, and that on the day of trial the sheriff returned on the subpoena thus issued, as follows: “James Asliip is out of the Parish: ” and that the application of the accused for continuance was refused by the court on the ground that the mover had failed to show due diligence.
In our opinion this ruling was erroneous, and lias done injustice to the accused. The facts which he sets forth to be in the knowledge exclusively of the absent witness are very material to his defense, and would doubtless, if proven, have had great weight on the minds of the jury. He had obtained a subpoena for the witness by whom he expected to make out that defense, and it was only on the day and at the moment of his trial that he discovered the absence of the witness, and the failure of the sheriff to summon him. Nothing in the subpoena, or in *73 the sheriff’s return or even in the whole record, showing whether the accused was a resident of, and present in, the Parish at the date of the subpoena, but it was the duty of the sheriff to have consulted with the accused or his counsel, and to have ascertained the exact place of residence of the witness. From the language of the sheriff’s return, we infer that the witness was a resident of the Parish, but absent at that the time that the officer tried to summon him; and in the absence of any proof to the contrary, we must conclude that he was a resident of the Parish, and that the accused was entitled to the benefit of his testimony, of which he has been illegally deprived.
It may be that the witness would not have testified as claimed by the defendant, but his affidavit is full and clear, and stands uncontradicted, showing grounds entitling him to a continuance. Wharton Crim. Law, § 3021; State vs. Boitreaux, 31 A. 188.
The Attorney General contends in his brief, that the refusal to grant a continuance involves a question of fact which is not reviewable by this Court, and he quotes an authority which partially bears him out. 23. A. 559.
But even in that case it is admitted that the question presented is one of law and of foot. Such is the case in the question now before us.
The question of law is, whether the defendant was entitled to a continuance under the showing which he made.
The question of fact turns upon the means or steps taken by the accused to secure the attendance of his witness.
In the case of the State vs. Nelson, 32 A. 842, we held, after an exhaustive review of all the authorities on this vexed question, that we were authorized, and could be required, to review all questions involving the manner of trial of an accused, when the question of law presented on appeal was intimately blended with facts, and when the latter were incorporated in a bill of exception. And we subsequently applied this rule to questions of refusal of continuance by the Judge of the lower court. State vs. Hornsly, 33 A. 1110; State vs. Moultrie, 33 A. 1146.
In the last case quoted, we reviewed the action of the Judge in refusing a continuance, and while we recognized that the question was left largely to his discretion, we' ruled that he had unwisely exercised his power, and reversed his ruling.
See also State vs. Trivas, 32 A. 1086, in which the power of this Court to review the action of the District Judge on questions mixed with law and facts was considered and reaffirmed.
Our conclusion is, therefore, that the accused was entitled to his continuance. This conclusion obviates the necessity of passing on his motion for a new trial.
*74 It is therefore ordered, adjudged and decreed, that the judgment of the lower court be reversed, and the verdict of the jury set aside, and that this case be remanded to the lower court to be proceeded with according to law and to the views herein expressed.